ROBERT I. BEMIS, petitioner-respondent,

*v.*

KATHARINE BEMIS, defendant-appellant.

[Submitted May 16th, 1933. Decided September 27th, 1933.]

*Mr. Sigmund C. Bernstein (Mr. Richard Stockton,* of counsel), for the appellant.

*Messrs. Lum, Tamblyn & Colyer (Mr. Ralph E. Lum,* of counsel), for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is the appeal of the wife from a decree of divorce in favor of the husband on the ground of adultery.

The vice-chancellor, who heard the testimony, said that "the charge of adultery is proven."

That was clearly right. The wife's contention to the contrary is based solely on arguments now to be considered.

She first says that "the testimony offered by the petitioner, and the testimony of the witnesses for the petitioner should have been disregarded by the lower court, not being worthy of any credence."

Not so. The only basis for such contention is the fact that some (but not all) of the several witnesses whose testimony established the wife's adultery, were persons employed by the husband to watch her after he became aware of clandestine meetings between her and the co-respondent, causing him to suspect adultery.

But the mere fact that the husband employed witnesses to watch his wife was no reason for disregarding the testimony of such witnesses as not worthy of any credence.

The pertinent rule is that although the testimony of a person employed to watch and detect a husband or wife suspected of adultery should be received with caution and scrupulously and minutely scrutinized, it is nevertheless competent, and certainly, when corroborated either by the facts and circumstances in evidence or by the direct testimony of other witnesses or, as here, by both, justifies a finding of adultery. *Janner* v. *Janner, 113 N. J. Eq. 110.* Indeed in the present case the testimony of both the wife and of the co-respondent,

while stoutly denying guilt, corroborated in important and significant respects the testimony produced by the husband.

The wife further argues that the court below erred in finding the wife guilty, because "there was no proof of any desire on her part to commit adultery."

But that contention is ill-founded in point of fact. Both the wife and her alleged paramour were comparatively young and robust. The overwhelming proof of their frequent and clandestine automobile rides and of their secret meetings (after the wife had left her home without cause) at the bungalow maintained by the wife's paramour (a married man living separate from his wife), furnished ample proof of desire on the part of the wife to commit adultery.

The pertinent rule on this phase of the case is this: If an adulterous disposition on the part of the defendant and the alleged paramour is shown, and it appears that there was ample opportunity for them to commit the offense, and the circumstances are such as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt, adultery will be inferred in a divorce case. *Berckmans* v. *Berckmans, 16 N. J. Eq. 122; affirmed, 17 N. J. Eq. 453; Mayer* v. *Mayer, 21 N. J. Eq. 246.* Plainly such was the situation in the case at bar.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.